UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KEVIN HUTCHINS, JR.,

        Petitioner,

v.                                         Case No. 18-C-1795

BRIAN FOSTER,

        Respondent.

## SCREENING ORDER

On November 12, 2018, Petitioner Kevin Hutchins, Jr., who is currently serving a state sentence at Waupun Correctional Institution, filed two petitions pursuant to 28 U.S.C. § 2254, challenging separate state court convictions for which he is presently under sentences of confinement. This petition challenges Hutchins' February 2014 conviction in Milwaukee County Circuit Court (Case No. 2013CF1753) for two counts of second degree sexual assault in violation of Wis. Stat. § 940.225(2)(a), one count of false imprisonment in violation of § 940.30, and one count of battery in violation of § 940.19(1). On May 9, 2014, Hutchins was sentenced to twelve years initial confinement and six years extended supervision. Federal relief under § 2254 is only available for a state prisoner on the ground that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the

> petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

In his original petition, Hutchins alleges as grounds for relief that "evidence collected by the WAPD in my trial case was violated when I couldn't even comprehend but which is so patently false and contrary to all evidence in this case." ECF No. 1 at 6. He further states "so many errors that happen during my trial would take about 50 pages to address many errors I would rather explain when order by the Judge to do so." *Id.* at 8. In a motion to amend filed a week later, which he has since moved to withdraw, Hutchins asserts as grounds for relief claims that a DNA surcharge imposed on each count constitutes a violation of the Ex Post Facto Clause of the Constitution. He also alleges that the prosecutor introduced "other acts" evidence concerning domestic violence that poisoned the jury's view of him. ECF No. 7.

Hutchins' challenge to the DNA surcharges does not state a constitutional or federal claim cognizable under § 2254. As noted above, relief under § 2254 is only available on grounds that one's custody is in violation of the Constitution, laws or treaties of the United States. A DNA surcharge is in the nature of a fine. Section 2254 may not be used to challenge a fine, since it has no impact on the person's custody. *Virsnieks v. Smith*, 521 F.3d 707, 721 (7th Cir. 2008).

Hutchins' claim that the prosecutor was allowed to present "other acts" evidence that misled and poisoned the jury against him could state a due process claim depending on the nature of the evidence presented and how it relates to the charges he was facing. "[E]rrors of state law in and of

2

themselves are not cognizable on habeas review." *Perruquet v. Briley*, 390 F.3d 505, 511 (7th Cir. 2004) (citing *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991)). "The remedial power of a federal habeas court is limited to violations of the petitioner's federal rights, so only if a state court's errors have deprived the petitioner of a right under federal law can the federal court intervene." *McGuire*, 502 U.S. at 67–68. The constitutional right to due process does entitle a defendant to a fair trial; "but only if the state court committed an error so serious as to render it likely that an innocent person was convicted can the error be described as a deprivation of due process." *Perruquet*, 390 F.3d at 510 (citing *Anderson v. Sternes*, 243 F.3d 1049, 1053 (7th Cir.2001)).

Hutchins fails to allege sufficient facts that would support such a claim here, however. He fails to describe the evidence that was introduced in sufficient detail to allow even an inference that his due process right to a fair trial was violated. In fact, it is not clear that the evidence he complains of was not directly relevant to the charges he was facing. Conclusory allegations of unfairness are not sufficient for a collateral attack on a criminal conviction. And, of course, it goes without saying that Hutchins' allegation that he has other unspecified claims that would take 50 pages to describe is wholly insufficient to state a claim.

"Habeas corpus petitions must meet heightened pleading requirements . . . ." *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (citing 28 U.S.C. § 2254 Rule 2(c)). The petition must "specify all the grounds for relief available to the moving party," and "state the facts supporting each ground." 28 U.S.C. § 2255 Rule 2(b); see also *Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) ("The § 2254 Rules and the § 2255 Rules mandate 'fact pleading' as opposed to 'notice pleading,' as authorized under Federal Rule of Civil Procedure 8(a)."). The reason for the heightened pleading requirement in habeas cases, as the Eleventh Circuit noted in *Borden*, is obvious:

> Unlike a plaintiff pleading a case under Rule 8(a), the habeas petitioner ordinarily possesses, or has access to, the evidence necessary to establish the facts supporting his collateral claim; he necessarily became aware of them during the course of the criminal prosecution or sometime afterwards. The evidence supporting a claim brought under the doctrine set forth in *Brady v. Maryland*, 373 U.S. 83 (1963), for example, may not be available until the prosecution has run its course. The evidence supporting an ineffective assistance of counsel claim is available following the conviction, if not before. Whatever the claim, though, the petitioner is, or should be, aware of the evidence to support the claim before bringing his petition.

646 F.3d at 810.

Were the rule otherwise, federal habeas would be transformed into "a vehicle for a so-called fishing expedition via discovery, an effort to find evidence to support a claim." *Id.* at 810 n.31. Given the fact that a person seeking relief under § 2254 has already raised the same claim or claims for which he now seeks federal review in state court, and exhausted each level of review available in the state system, it should not be unduly burdensome for the petitioner to describe those same claims with sufficient specificity to allow the federal court tasked with the job of screening his petition to determine whether a claim cognizable under § 2254 has been stated. This is not too much to expect of a petitioner before the State is ordered to undertake the task of filing an answer to the petition containing copies of all or almost all of the pleadings, hearing transcripts and briefs filed in what is often a lengthy state court proceeding. Generally, this task is made significantly less difficult by attaching a copy of the state court decision or decisions that rejected the petitioner's claims, as the prescribed form petition that can be found at the Eastern District of Wisconsin website requires.

In any event, Hutchins has failed to allege facts sufficient to support any claim for habeas relief here. His petition will therefore be dismissed, but the dismissal will be without prejudice. Hutchins will be given the opportunity to file an amended petition that cures these defects within the next thirty days. As noted above, the petition must "specify all grounds for relief available to the

4

petitioner" and "state the facts supporting each ground." § 2254 Rule 2(c).

Hutchins has filed several additional motions, which will all be denied. His motion for preliminary injunction that complains of prison conditions will be denied because constitutional challenges to prison conditions, as opposed to challenges to the legality or duration of confinement, are properly brought under 28 U.S.C. § 1983, not § 2254. *McCarthy v. Bronson*, 500 U.S. 136, 140–42 (1991); *Glaus v. Anderson*, 408 F.3d 382, 386–87 (7th Cir. 2005). Hutchins' motions to subpoena witnesses and documents, which he has since moved to dismiss, will also be denied. A habeas petitioner "is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Granting leave to conduct discovery under Rule 6(a) of the Rules Governing § 2254 Proceedings is within a district court's discretion. A petitioner must show good cause to obtain this leave. *Id.* at 904–07. Hutchins has not demonstrated good cause to conduct discovery because the discovery he requests does not relate to any of the grounds he states, however vaguely, in his petition. *See Franklin v. Bartow*, No. 09-CV-664, 2009 WL 4906346, at *2 (E.D. Wis. Dec. 18, 2009).

**IT IS THEREFORE ORDERED** that Hutchins' motions to amend petition (ECF No. 7), for preliminary injunction (ECF No. 9), to subpoena a witness (ECF No. 8), and to subpoena documents (ECF No. 10) are **DENIED**.

**IT IS FURTHER ORDERED** that Hutchins' motions to withdraw amended petition (ECF No. 11) and to dismiss subpoena requests (ECF No. 12) are **DENIED** as moot.

**IT IS FURTHER ORDERED** that Hutchins' petition for writ of habeas corpus (ECF No. 1) is **STRICKEN**. Hutchins is directed to file an amended petition within thirty (30) days of the date of this order that sets forth the specific grounds upon which he seeks relief, together with

specific allegations of the facts supporting those grounds. Failure to timely file an amended petition will result in the dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the petitioner shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility. If the petitioner is no longer incarcerated at a Prisoner E-Filing Program institution, he will be required to submit all correspondence and legal material to:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Because Hutchins' filings will be electronically scanned and entered on the docket upon receipt by the clerk, he need not mail to counsel for the respondent copies of documents sent to the court.

Dated this   17th   day of December, 2018.

> s/ William C. Griesbach
> William C. Griesbach, Chief Judge
> United States District Court