UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KEVIN HUTCHINS, JR.,

        Petitioner,

v.                                    Case No. 18-C-1795

BRIAN FOSTER,

        Respondent.

**ORDER DISMISSING CASE**

On November 12, 2018, Petitioner Kevin Hutchins, Jr., who is currently incarcerated at Waupun Correctional Institution, filed two petitions pursuant to 28 U.S.C. § 2254, challenging separate state court convictions for which he is currently under sentences of confinement. The petition in this case challenges his February 2014 conviction in Milwaukee County Circuit Court, Case No. 2013CF1753, for two counts of second degree sexual assault in violation of Wisconsin Statute § 940.225(2)(a), one count of false imprisonment in violation of § 940.30, and one count of battery in violation of § 940.19(1). On May 9, 2014, Hutchins was sentenced to twelve years initial confinement and six years extended supervision.

The court screened Hutchins' petition on December 17, 2018, and determined that Hutchins had failed to allege facts sufficient to support any claim for habeas relief. The court struck Hutchins' petition and allowed him thirty days to file an amended petition. The court thereafter granted three extensions of time to file an amended petition. The court's second extension order warned that failure to file an amended petition by the March 20, 2019 deadline would result in dismissal of the action without prejudice. The third extension order, which allowed Hutchins until

April 17, 2019, to amend his petition, warned that Hutchins would be granted no further extensions. On April 16, 2019, Hutchins filed a fourth motion for extension of time, stating that the jailhouse lawyer who was "reviewing/coordinating" Hutchins' amendment has his "entire file." Dkt. No. 20. To date, Hutchins has not filed an amended petition.

As grounds for relief in his petition, Hutchins states that "evidence collected by the WAPD in my trial case was violated when I couldn't even comprehend but which is so patently false and contrary to all the evidence in this case." Dkt. No. 1 at 6. He also states that "evidence that was use [sic] in the police report such as the ripping of sweatpants of my ex girl friend in order to rape her wasn't use [sic] at my trial hearing." *Id.* at 7. Hutchins further states that "so many errors that happen [sic] during my trial would take about 50+ pages to address many errors I would rather explain when order [sic] by the Judge to do so." *Id.* at 8. In a motion to amend his petition that he later moved to withdraw and which the court denied as moot in its December 17, 2018 screening order, Hutchins claims that a DNA surcharge imposed on each count of his conviction violates the Constitution and that the prosecutor introduced "other acts" evidence regarding Hutchins' prior involvement in domestic violence. *See* Dkt. No. 7.

As stated in the court's prior screening order, these allegations fail to raise a claim for habeas relief. *See Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) ("The § 2254 Rules and the § 2255 Rules mandate 'fact pleading' as opposed to 'notice pleading,' as authorized under Federal Rule of Civil procedure 8(a)."). Because a DNA surcharge is akin to a fine and a petition under § 2254 cannot be used to challenge a fine, Hutchins fails to raise a right to relief related to the surcharge. *See Virsnieks v. Smith*, 521 F.3d 707, 721–22 (7th Cir. 2008). Hutchins' allegations that evidence "was violated" and that evidence was not used at a trial hearing are too vague to raise an inference

of a constitutional violation. Similarly, his claim that more than fifty other unspecified errors occurred during his trial is vague and conclusory and does not raise a right to relief. As noted at screening, Hutchins' statement about the admission of other acts evidence could support a due process claim, but Hutchins has failed to provide sufficient detail to raise such a claim. Based on the petition, it is not clear that the evidence he complains of was not directly relevant to the charges he was facing.

The court previously informed Hutchins about the heightened pleading requirements for habeas corpus petitions and about the need for him to "specify all grounds for relief available to the petitioner" and "state the facts supporting each ground." Rule 2(c), Rules Governing § 2254 Cases. Despite the court explaining his petition's deficiencies and extending the time to amend his complaint on three occasions, Hutchins has yet to file an amended petition. Given Hutchins' ongoing delay and the court's past warnings, his fourth motion for extension of time (Dkt. No. 20) is **DENIED** and this case is **DISMISSED without prejudice**. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** this  16th  day of May, 2019.

                                            s/ William C. Griesbach
                                            William C. Griesbach, Chief Judge
                                            United States District Court